**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABUKAR ABDULLE; et al., | No. 22-15319 |
| Plaintiffs-Appellants, | D.C. No. 4:20-cv-07065-JST |
| v. | |
| ROBERT SILLEN, Former Receiver for The California Prison Systems Medical Care, Head of California Correctional Health Care Services; JOHN CLARK KELSO, Receiver for The California Prison Systems Medical Care, Head of California Correctional Health Care Services, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted December 8, 2022
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and BATAILLON,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

Plaintiffs are 41 current and former inmates in the California prison system who contracted Valley Fever during their incarceration. They brought this Eighth Amendment damages action against Robert Sillen and John Clark Kelso, respectively the former and current federal receivers appointed by the District Court for the Northern District of California to manage the California Department of Corrections and Rehabilitation's (CDCR) health care delivery system. We conclude that Defendants acted within the authority conferred on them by the court and are thus entitled to quasi-judicial immunity. Accordingly, we affirm.

**1.** Plaintiffs argue that the core question before us is whether they have plausibly alleged that Defendants acted outside their judicially conferred authority. They contend that the scope of that authority is a factual question and that we must accept as true their plausible allegations on the matter. We disagree. Because "absolute immunity . . . protect[s] those who faithfully execute valid court orders," we must review the district court's orders to determine the scope of Defendants' authority. *See Brooks v. Clark County*, 828 F.3d 910, 918 n.6 (9th Cir. 2016) (internal quotation marks and citation omitted). Our analysis therefore consists of legal interpretation rather than the weighing of conflicting evidence. We take Plaintiffs' plausible allegations regarding Defendants' actions as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), but we are free to reach our own legal conclusion about whether those actions were authorized by the court, *see New*

*Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1304 (9th Cir. 1989) (addressing the scope of a receiver's authority as a question of law).

**2.** Plaintiffs next argue that Defendants exceeded the authority bestowed on them by the court. In responding to the Valley Fever outbreak, Defendants issued several reports and studies along with corresponding mitigation recommendations. These recommendations focused on moving prisoners at risk of serious illness out of Valley Fever danger zones and on environmental mitigation measures, such as planting grass to reduce prisoners' exposure to the spores that cause Valley Fever. In Plaintiffs' view, these are the wide-ranging actions of public health officials, which do not fit within Defendants' narrower mandate to reform CDCR's provision of medical care.

In light of the district court's orders concerning the scope of Defendants' authority, we cannot agree that Defendants' actions overstepped the bounds of their judicial mandate. In 2006, the district court appointed Sillen as receiver and authorized him to "provide leadership and executive management of the California prison medical health care delivery system." In explaining its decision to appoint a receiver, the court identified various problems in the existing medical care system, including its failure to screen for illnesses at intake to manage the "risk of [disease] transmission." *Plata v. Schwarzenegger*, 2005 WL 2932253, at *12–13 (N.D. Cal. Oct. 3, 2005). Sillen later filed a comprehensive plan of action with the court in

which he stated his intent to develop a "centralized Public Health Unit . . . to prevent the spread of infectious diseases." Neither the parties nor the court took issue with that aspect of Sillen's plan. *Plata v. Schwarzenegger*, 2007 WL 2601391, at *2 (N.D. Cal. Sept. 6, 2007). Later, in 2013, after Kelso had replaced Sillen as receiver, the court ordered CDCR to comply with a modified version of a policy that Kelso had promulgated regarding the transfer of prisoners at risk of serious Valley Fever illness. *Plata v. Brown*, 427 F. Supp. 3d 1211, 1229–30 (N.D. Cal. 2013). The court phrased the question before it as "whether Defendants should be ordered to follow a policy adopted by the Receiver in the exercise of his authority as head of inmate medical care." *Id.* at 1224. The court answered that question in the affirmative.[1]

Taken together, these orders show that the court's grant of authority to Defendants did not exclude preventative and epidemic-level health care, including the Valley Fever outbreak. Accordingly, Defendants' actions were "intimately

---

[1] Plaintiffs contend the court ordered compliance with Kelso's Valley Fever policy only because it found a new Eighth Amendment violation not previously within the scope of Defendants' authority to address. Plaintiffs' reading of the order is undermined by the fact that the court exhibited no concern that Kelso had overstepped his authority by issuing the policy. *See Plata*, 427 F. Supp. 3d at 1224. Additionally, the court undertook an Eighth Amendment analysis of the Valley Fever issue not because it found such an analysis was necessary, but to give CDCR the benefit of the doubt by addressing the question under the "most onerous standard" that might apply. *See id.*

connected with [their] receivership duties," *New Alaska*, 869 F.2d at 1304, and Defendants are entitled to quasi-judicial immunity.

3.   We acknowledge that Plaintiffs have suffered dire health consequences and that other prisoners have died, while readily available mitigation measures were not implemented.  We held in *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019), that the CDCR officials responsible for the State's response to the Valley Fever outbreak are entitled to qualified immunity.  In so holding, we found it "especially significant that state officials could have reasonably believed that they were not violating the inmates' Eighth Amendment rights because the officials reported to the federal Receiver." *Id.* at 1231.  Today we hold that the federal receivers also are entitled to immunity from a suit for damages, leaving plaintiffs with no avenue for retrospective relief.  Although the district court itself is subject to mandamus, *see* 28 U.S.C. § 1651; *Pioche Mines Consol., Inc. v. Foley*, 410 F.2d 742 (9th Cir. 1969) (issuing a writ of mandamus directing the district court to order immediate action by a receiver appointed by the court), prospective relief of that nature is difficult to obtain.  Because appointing a receiver may create the unintended consequence of foreclosing all but the narrowest paths to relief, we urge district courts to play an active role in managing the receivers who act on the court's behalf.

**AFFIRMED.**